UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DOVER LIMITED,

                    Plaintiff,

    vs.

ALAIN ASSEMI

                    Defendant.

------------------------------------------------------------X

**08 CV    01009**

Case No.

**SUMMONS**

TO:    Alain Assemi
        15650 Vineyard Boulevard
        Suite A131
        Morgan Hill, California 95037.

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' attorney,

THOMAS M. MULLANEY, ESQ., whose address is 708 Third Avenue, Suite 2500, New York,

New York, 10017, a response to the miscellaneous action which is herewith served upon you,

forthwith. If you fail to do so, the relief requested will be granted. You must also file your

answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**

                                                  'JAN 3 1 2008

_____        _____

Clerk                                Date

_____

                       (By) Deputy Clerk

LAW OFFICES OF THOMAS M. MULLANEY
THOMAS M. MULLANEY
708 Third Avenue, Suite 2500
New York, New York, 10017
Tel. (212) 223-0800
Fax: (212) 661-9860
Attorneys for Plaintiff



08 CV 01009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DOVER LIMITED,                                    :

                              Plaintiff,          :      Case No.

        vs.                                        :      **COMPLAINT FOR ENTRY OF**
                                                   :      **ORDER OF JUDGMENT**
ALAIN ASSEMI,                                      :

                              Defendant.           :

------------------------------------------------------------X


        Plaintiff Dover Limited, by its attorney The Law Office of Thomas M. Mullaney, as and

for its action for entry of order of judgment against Alain Assemi ("Assemi"), alleges as follows.

## PARTIES

        1.      Plaintiff Dover Limited ("Dover") is a foreign corporate entity with its principal

place of business located in Singapore.

        2.      Defendant Assemi is an individual residing at 15650 Vineyard Boulevard, Suite

A131, Morgan Hill, California 95037.

## JURISDICTION

        3.      This Court is vested with original jurisdiction over the claims herein pursuant to

Title 28, United States Code, Section 1332, in that this is a civil action wherein the matter in

controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of

interests and costs, and is between citizens of a state and citizens or subjects of a foreign state.

## VENUE

4.    Venue is proper in this District pursuant to Title 28, United States Code, Section

1391(b)(1),(2) in that one or more defendants reside in this District, a substantial part of the

events or omissions giving rise to the claims alleged herein occurred within this District, and

defendants are subject to personal jurisdiction in this District, and Title 28, United States Code,

Section 1391(c).

5.    In the alternative, venue is proper in this District pursuant to Title 28, United

States Code, Section 1391(a)(2) in that this is a diversity action, one or more defendants reside in

this District, a substantial part of the events or omissions giving rise to the claims alleged herein

occurred within this District, and defendants are subject to personal jurisdiction in this District.

## BASIS FOR ENTRY OF ORDER

6.    On October 4, 2007 Dover and Defendant Assemi entered into a Settlement

Agreement (the "Agreement") disposing of a litigation styled as *Dover Limited v. A.B. Watley*

*Group, Inc., et al,* Case No. 04-Cv-7366 (FM), filed with the United States District Court,

Southern District of New York.  A copy of that Agreement is attached as Exhibit A.

7.    Pursuant to paragraph 1 of the Agreement, Assemi agreed to pay Dover $25,000

by December 31, 2007.  Assemi defaulted on that payment. ("the Default").

8.    Pursuant to paragraph 6 of the Agreement, Assemi confessed to a judgment in the

amount of $300,000.00. As evidence of that confession, Assemi executed a document entitled

"Confession of Judgment", which Dover's attorney agreed to hold in escrow unless Defendant

failed to satisfy any payment obligations under the Agreement.  A copy of the Confession of

Judgment is attached as Exhibit B.

9.     The Agreement at paragraph 6 further provides Dover with the authority to file the Confession of Judgment and commence judgment collection efforts immediately thereafter.

10.     On November 19, 2007, Magistrate Frank Maas entered a judgment on consent against A.B. Watley, Inc. and A.B. Watley Group, Inc. in the case styled as *Dover Limited v. A.B. Watley Group, Inc., et al,* Case No. 04-Cv-7366 (FM).

11.     On December 11, Magistrate Maas determined that he lacked jurisdiction over the case when he entered that judgment. Accordingly, Magistrate Maas vacated the November 19, 2007 Judgment on Consent. A copy of the Decision and Order of Magistrate Frank Maas, dated December 11, 2007 (the "Decision"), is attached as Exhibit C.

12.     In his decision, Magistrate Maas instructed the parties that a plenary action should be brought, in either State or Federal Court, and noted that "[f]ederal courts can enter judgment by confession in an appropriate case." Decision, at p.4, n.4. Following Magistrate Maas's instructions, Dover has filed this present action and would request either that the Court enter an Order of Judgment in the form attached as Exhibit D.

13.     This Court has already entered an Order of Judgment against A.B. Watley, Inc. and A.B. Watley Group, Inc. following this procedure. A copy of that Order is attached as Exhibit E.

Dated: New York, New York
       January 31, 2008

3

Respectfully submitted,

LAW OFFICES OF THOMAS M. MULLANEY

By: _____

    Thomas M. Mullaney (TM 4274)

Attorneys for Plaintiff
Dover Limited
708 Third Avenue, Suite 2500
New York, NY 10017
(212) 223-0800
(212) 661-9860 (facsimile)

4

Exhibit A

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is entered into this _4th_ day of October 2007 by and between Dover, Ltd. (" Plaintiff") and Alain Assemi (" Assemi").

WHEREAS, Plaintiff has filed a Third Amended Complaint against Assemi in the Southern District of New York on June 20, 2006, Civil Action No. 04-7366 (hereafter, the "Complaint");

WHEREAS, in its Complaint, Plaintiff has asserted that Assemi committed certain acts causing Plaintiff to suffer $2,994,597.84 in damages;

WHEREAS, Plaintiff and Assemi desire to fully and finally resolve, compromise, and settle their differences, as more fully set forth in this Agreement.

1.     NOW, THEREFORE, in consideration of the foregoing premises, covenants, representations, and warranties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows: Assemi shall pay to Plaintiff the sum of $300,000.00 (the "Settlement Payment"). The Settlement Payment shall be made in installments on the following schedule: Payment 1). December 31st, 2007th: $25,000.00; Payment(s) 2). $1,500 per month from January 30, 2008 until December 31, 2010, payments being due on the last business day of each calendar month; Payment 3). December 31, 2010, $222,500.00.

2.     Each of the Parties represents and warrants that it has relied upon its own judgment and the judgment of its respective legal counsel regarding every aspect of this Agreement, and that no statements, warranties or representations (expressed or implied) were made by any other party (other than as set forth herein) or any other party's agents, employees, officers, directors, attorneys or legal representatives that have influenced or induced it to execute this Agreement or undertake the transactions provided for in this Agreement. This Agreement reflects the entire understanding between the Parties with respect to the matters stated herein and no statements, promises or inducements by any party or any agent of the Parties to this Agreement with respect to such matters shall be valid or binding unless they are contained in this Agreement, which fully supersedes and replaces any and all alleged or actual prior agreements or understandings between the parties with respect to such matters, and is intended to be the final, complete and exclusive statement of the terms agreed to between the parties with respect to the subject of this Agreement. No amendment or waiver of this Agreement can be made unless it is set forth in a written document signed by each of the parties to be bound.

3.     Assemi, his attorneys, agents, heirs, executors, administrators, successors and assigns, as well as their respective attorneys and agents, hereby releases, acquits and forever discharges Plaintiffs, their present and former parents, affiliates, subsidiaries, related entities, officers, directors, trustees, employees, shareholders, attorneys and agents, and their respective heirs, executors, administrators, successors and assigns, as well as their respective attorneys and agents of and from any and all sums of money, claims, causes of action, demands, suits, debts, dues, contracts or judgments of whatever kind or nature, whether known or unknown or suspected or unsuspected, which Assemi ever had or may now or hereafter own, hold, have or claim to have or have had by reason of any matter, cause or thing whatsoever from the beginning of the world through the date of execution of this Agreement.

 03/22/2006 03:09 PM

4.　Upon receipt of the Settlement Payment, on December 31, 2007, Plaintiffs, including their present and former parents, affiliates, subsidiaries, related entities, officers, directors, trustees, employees, including, but not limited to, shareholders, attorneys and agents, and their respective heirs, executors, administrators, successors and assigns, as well as their respective attorneys and agents, will release, acquit and forever discharge Assemi, including his attorneys, agents, heirs, executors, administrators, successors and assigns, as well as their respective attorneys and agents, from any and all sums of money, claims, causes of action, demands, suits, debts, dues, contracts or judgments of whatever kind or nature, whether known or unknown or suspected or unsuspected, which Plaintiffs now have or which may hereinafter accrue to them including any claims by reason of any matter, cause or thing whatsoever from the beginning of the world through the date of execution of this Agreement.

5.　No later than five (5) business days after the last installment of the Settlement Payment described in paragraph 1 has been received by Plaintiffs, the Parties shall execute and Plaintiffs shall file a stipulation dismissing the Complaint with prejudice.

6.　In the event that Defendant Assemi fails to make each or any Settlement Payment installment, Plaintiffs shall file the Confession of Judgment that Defendant Assemi has contemporaneously executed, and be free to commence judgment collection efforts immediately thereafter. The parties hereto agree that the attorney for Plaintiff shall hold the executed Confession of Judgment in escrow pending the final installment of the Settlement Payment.

7.　Defendant Assemi shall make all payments by bank or certified check made out to The Law Office of Thomas M. Mullaney. The address is 708 Third Avenue, Suite 2500, New York, New York 10017.

8.　It is the Parties' intent that this Agreement shall apply to all claims, whether known, unknown or unanticipated. Furthermore, the general release provided above shall remain in effect as full and complete release, notwithstanding the existence or subsequent discovery of any presently-unknown, different or additional facts or claims. The parties recognize that discovery obligations between them were outstanding as of the time of this settlement. Despite the knowledge that additional information had yet to be exchanged prior or during the litigation of the Contract, all Parties have chosen to enter into this Agreement.

9.　This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof, and the terms of this Agreement are contractual and not mere recital.

10.　The parties hereto agree that any disputes arising out of, or relating to, the interpretation of this Agreement, or the rights and obligations of any of the parties hereunder, shall be determined by the United States District Court in the Southern District of New York.

11.　This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the Parties. This Agreement may be executed by facsimile copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

12.　This Agreement shall be governed by and construed in accordance with the laws of the State of New York without giving effect to the provisions, policies or principles thereof relating to choice of law or conflict of law.

2



03/22/2006 03:09 PM

IN WITNESS WHEREOF, these parties hereto have executed this Agreement as of the day and year first above written.

Alain Assemi

OCT. 4th - 2007

Dover Ltd.

By: Wendy Yap
Its: Director

5947/49315-034 Current/8343164v4

03/22/2006 03:09 PM

IN WITNESS WHEREOF, these parties hereto have executed this Agreement as of the day and year first above written.

Alain Assemi

_____

Dover Ltd.

_____

By: Wendy Yap
Its: Director

5947/49315-034 Current/8343164v4

03/22/2006 03:09 PM

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

DOVER LIMITED                          :
and WENDY SUI CHENG YAP,               :
                                       :        Case No. 04 CV 7366 (FM)
              Plaintiffs,              :
                                       :        **CONFESSION OF**
                                       :        **JUDGMENT**
       vs.                             :
                                       :
A.B. WATLEY, INC., A.B. WATLEY         :
GROUP, INC., A.B. WATLEY DIRECT,       :
INC. and ALAIN ASSEMI                  :
                                       :
              Defendants.              :
                                       :
-----------------------------------------------------X

       The Defendant ALAIN ASSEMI in the above-referenced action hereby allows Plaintiffs

DOVER LTD. and WENDY SUI CHENG YAP to take judgment in the amount of $300,000,

less any installments of the Settlement Payment made by Defendant Assemi, together with

interest thereon from January 31, 2007 at the rate of nine percent (9%) per annum.

Dated:  New York, New York
        October ___, 2007

ALAIN ASSEMI

By: _____
    Alain Assemi (*Pro Se*)
[]
[]      oct= 4th, 2007
[]

**Exhibit C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DOVER LIMITED and                               :
WENDY SUI CHENG YAP,

                          Plaintiffs,           :      **AMENDED**
                                                       **DECISION AND ORDER**
                                                :
             -against-                                 04 Civ. 7366 (FM)
                                                :
A.B. WATLEY, INC., et al.,
                                                :
                          Defendants.
                                                :

                                                :

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.    Introduction

          This fraud case, brought pursuant to the Securities Exchange Act of 1934

and state law, was discontinued with prejudice on October 9, 2007, following the parties'

settlement.[1]  On November 19, 2007, after the defendants defaulted on their payment

obligations set forth in the settlement agreement, the Court entered a Judgment on

Consent in favor of plaintiff Dover Limited (the "Plaintiff").  Defendant A.B. Watley

Direct, Inc. ("Direct") has now moved to enjoin the Plaintiff from enforcing that

judgment against Direct.  For the reasons set forth below, I hold that this Court lacks

---

[1]       In November 2004, the parties consented to my exercise of jurisdiction over the
matter pursuant to 28 U.S.C. § 636(c).  (See Docket No. 13).

jurisdiction not only to resolve this motion, but to have entered the Judgment on Consent. The Court therefore vacates that judgment.

II.    Background

    A.    Relevant Facts

        1.    Underlying Case

The relevant facts were described in my two prior decisions in this case, see Dover Ltd. v. A.B. Watley, Inc., No. 04 Civ. 7366, 2006 WL 2987054 (S.D.N.Y. Oct. 18, 2006); Dover Ltd. v. A.B. Watley, Inc., 423 F. Supp. 2d 303 (S.D.N.Y. 2006), and are repeated only to the extent necessary to resolve Direct's motion.

        2.    Procedural History

On October 8, 2007, the Plaintiff entered into a settlement agreement with A.B. Watley, Inc. ("Inc."), A.B. Watley Group, Inc. ("Group"), and Direct (collectively, the "Defendants"). (See Affirm. of Thomas M. Mullaney, Esq., dated Nov. 29, 2007, ¶ 3; Affirm. of Thomas M. Mullaney, Esq., dated Nov. 19, 2007, Ex. B ("Settlement Agreement")). The following day, the Court "so ordered" a Stipulation and Order of Discontinuance with Prejudice ("Stipulation"), which dismissed with prejudice all of the Plaintiff's claims against the Defendants. (Docket No. 95). The Stipulation made no mention of the Settlement Agreement, which I had not seen, signed or "so ordered." (Id.). Thereafter, on November 6, 2007, the Court entered a default judgment against

2

third-party defendant John J. Amore, and the Clerk of the Court closed the case.[2] (See Docket No. 102).

### 3.    Settlement Terms

Pursuant to the Settlement Agreement, Inc. and Group agreed to make monthly payments to the Plaintiff. (Settlement Agreement ¶ 2). This financial obligation did not extend to Direct, which was expressly released from any further liability to the Plaintiff. (Id.). Inc. and Group also executed a Confession of Judgment in the amount of approximately three million dollars, which the Plaintiff's counsel agreed to hold in escrow and not "docket, execute or enforce" unless "Inc. and Group" defaulted on their obligations. (Id. ¶ 4). The Plaintiff, in turn, agreed to release Inc. and Group from any further liability other than "for claims arising under" the Settlement Agreement. (Id. ¶ 15(b)). The Settlement Agreement provided that the parties "irrevocably submitt[ed] to the exclusive jurisdiction of the federal or state courts of the State of New York . . . over any action or proceeding arising out of or relating to [the Settlement] Agreement." (Id. ¶ 10).

---

[2]    The parties previously had consented to the dismissal of Wendy Sui Cheng Yap, the second named plaintiff in the original action, on May 17, 2007. (See letter from Thomas M. Mullaney, Esq., to the Court, dated May 17, 2007). Additionally, the Court signed a Stipulation and Order of Discontinuance as to the only other defendant, Alain Assemi, on October 5, 2007. (Docket No. 93)

4.    Judgment on Consent

It is undisputed that Inc. and Group subsequently defaulted on their payment obligations.  The Plaintiff therefore presented a "Judgment on Consent," which I signed on November 19, 2007, after the Plaintiff's counsel submitted an affirmation apprising me of the material terms of the Settlement Agreement, including the Confession of Judgment.[3]  (See Docket No. 103; Affirm. of Thomas M. Mullaney, Esq., dated Nov. 19, 2007).  That judgment decreed that the "Plaintiff Dover Limited does recover of [Inc.] and [Group] the total amount of $2,994,597.84, and that the Plaintiff shall have execution therefore [sic]."  (Docket No. 103).

5.    Enforcement of the Judgment

Following the entry of judgment, the Plaintiff served a  restraining notice, pursuant to Section 5222 of the New York Civil Practice Law and Rules ("CPLR"), on Penson Financial Services, Inc., Direct's clearing broker.  (See Defs.,' Mem. at 4).  The restraining notice sought to restrain not only the assets of Inc. and Group, but also the assets of Direct on an alter ego theory of liability.  Direct now seeks to enjoin the Plaintiff from any effort to restrain Direct's assets, claiming that the Plaintiff released all of its claims against Direct in the Settlement Agreement.  (Id. at 1-4).

---

[3]    "Federal courts can enter judgment by confession in an appropriate case."  In re Ross, 82 B.R. 241, 243 (S.D.N.Y. 1988) (citing Bowles v. J.J. Schmitt & Co., 170 F.2d 617, 621 (2d Cir. 1948)).

4

III.   Discussion

A.   Direct's Motion

The Plaintiff contends that it is "unclear" whether Direct's motion can be "heard by this specific Court" because the "application should have been brought to a randomly assigned judge" sitting in either state or federal court in New York County. (Pl.'s Mem. at 9-10). Upon reflection, I agree that <u>this</u> Court lacks subject matter jurisdiction over any attempt to enforce the Settlement Agreement, but for reasons different than those proffered by the Plaintiff.

In <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 378 (1994), the Supreme Court held that "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Accordingly, courts do not automatically have "jurisdiction . . . over disputes arising out of an agreement that produces" a stipulation of dismissal. <u>Kokkonen</u>, 511 U.S. at 378. Rather, in the "the absence of . . . an independent basis for jurisdiction, a federal court has jurisdiction to enforce a settlement agreement only if the dismissal order specifically reserves such authority or the order incorporates the terms of the settlement." <u>Scelsa v. City Univ. of N.Y.</u>, 76 F.3d 37, 40 (2d Cir. 1996) (citing <u>Kokkonen</u>).[4]

---

[4]   The party seeking to invoke the federal court's jurisdiction "bears the burden of showing that he [is] properly before" the court. <u>Scelsa</u>, 76 F.3d at 40. For that reason, it "is to be presumed that a cause lies outside" a federal court's "limited jurisdiction." <u>Kokkonen</u>, 511 U.S. at 377.

Here, the Stipulation did not refer to the Settlement Agreement, incorporate its terms, or specifically reserve jurisdiction for the Court.[5] Indeed, I was not even aware of the parties' settlement terms when the case was dismissed. See Kokkonen, 511 U.S. at 381 ("judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order"); Scelsa, 76 F.3d at 41 (mere reference to settlement agreement in dismissal order is not enough to establish jurisdiction). In these circumstances, unless there is "some independent basis for federal jurisdiction," "enforcement of the settlement agreement is for [the] state courts." Kokkonen, 511 U.S. at 382.

In this case, it appears that such an independent basis of jurisdiction exists under 28 U.S.C. § 1332 because the Plaintiff is a citizen of a foreign state, the Defendants are citizens of the United States, and the amount in controversy exceeds $75,000. (See Docket No. 68 (Third Amended Complaint); Settlement Agreement).

---

[5]    The Stipulation reads:

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorney for Plaintiff Dover Limited and the attorneys for defendants A.B. Watley, Inc., A.B. Watley Group, Inc., and A.B. Watley Direct, Inc., in the above-entitled action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party herein has an interest in the subject matter of this action, that all of Plaintiff's claims against defendants A.B. Watley, Inc., A.B. Wately Group, Inc., and A.B. Watley Direct, Inc. be, and the same hereby are, dismissed with prejudice and without costs, disbursements and/or attorneys' fees to either party as against the other. This Stipulation may be filed without further notice with the Clerk of the Court. . . . SO ORDERED.

(Docket No. 95).

As the Plaintiff correctly observes, the fact that a judge in this District might have jurisdiction to hear the present controversy does not mean that <u>this</u> judge should entertain Direct's claim. In moving for an injunction, Direct is seeking enforcement of the settlement agreement. Accordingly, because the motion does not arise out of the Plaintiff's original securities law claims, Direct is asking me to address a new breach of contract claim which this Court lacks jurisdiction to adjudicate in this closed case.

This conclusion is supported by two cases arising under similar facts. In <u>Cross Media Mktg. Corp. v. Budget Mktg., Inc.</u>, 319 F. Supp. 2d 482 (S.D.N.Y. 2004), after the parties settled a Lanham Act case the court approved their stipulation of discontinuance. Although the settlement agreement provided that the district court would retain jurisdiction to enforce its terms, the settlement agreement was neither filed, nor approved by the court, nor referenced in the stipulation. <u>Id.</u> at 482-83. After the defendants defaulted, the plaintiff moved to reopen its case and enter judgment for the unpaid balance under the agreement. <u>Id.</u> at 483. Citing <u>Kokkonen</u>, Judge Kaplan held that he lacked "jurisdiction over plaintiff's current claim" and that the proper "remedy [was] to sue on the settlement agreement." <u>Id.</u> He noted further that even though there "appear[ed] to be diversity of citizenship and thus a basis for subject matter jurisdiction," the plaintiff still would "have to commence a new action and pay a filing fee to sue on the agreement." <u>Id.</u>

7

More recently, in <u>Geiringer v. Pepco Energy Servs., Inc.</u>, No. Civ. 05-4172,

2007 WL 4125094 (E.D.N.Y. Nov. 16, 2007), the parties stipulated to a settlement on the

record during the course of a trial. After the defendant failed to comply with its terms,

the plaintiff sought an order compelling the defendant to do so. <u>Id.</u> at *1. The parties'

oral stipulation, however, had failed to retain the jurisdiction of the court. Relying on

<u>Kokkonen</u>, Magistrate Judge Wall therefore held that enforcement of the agreement was a

matter for "the state courts, unless there is some independent basis for jurisdiction." <u>Id.</u>

Although, the plaintiff argued that the judge could decide his motion because diversity

jurisdiction existed, Magistrate Judge Wall rejected this claim. The judge held that even

if diversity jurisdiction existed, it meant only that the plaintiff could initiate a new action

for breach of contract in federal court. As he explained, the existence of diversity

jurisdiction "does not mean that the contract dispute involving the settlement agreement

can be decided in the context of the now-closed action." <u>Id.</u>; <u>see also</u> 4-49 <u>Federal</u>

<u>Litigation Guide</u> P 49.61 (2007) ("party seeking enforcement of the settlement agreement

may bring a separate action for breach of the settlement agreement"). <u>But see</u> <u>Brown v.</u>

<u>M/V "Global Link"</u>, No. 01 Civ. 8298, 2003 WL 22015439 (S.D.N.Y. Aug. 26, 2003)

(district court retained jurisdiction and reinstated action to enforce settlement based on

independent basis of admiralty jurisdiction).

   The Court consequently cannot entertain, much less grant, Direct's motion

to enjoin the Plaintiff's efforts to restrain Direct's assets.

B.   Other Consequences of the
     Court's Failure to Retain Jurisdiction

As the <u>Geiringer</u> and <u>Cross Media</u> decisions establish, a court should not exercise jurisdiction to enforce a settlement agreement in a closed case where, as here, the terms of the agreement were not incorporated into the dismissal order and the court did not retain jurisdiction. In this case, the Judgment on Consent recites that it is "based upon the default by [Inc.], and [Group], and [Direct] <u>of the</u> <u>Settlement</u> <u>Agreement</u> between them and [Plaintiff]." (Docket No. 103) (emphasis added). Accordingly, it was error for this Court to enter the Judgment on Consent after the case was closed.

The Judgment on Consent therefore must be vacated. Vacatur of the judgment is, of course, without prejudice to the Plaintiff's right to initiate a new action in either state or federal court. Moreover, if the Confession of Judgment complies with Section 3218 of the CPLR, the Plaintiff may be able to secure a judgment by filing it with the clerk of the county designated therein without having to commence an action. <u>See</u> CPLR § 3218(a), (b).

9

IV.    Conclusion

For the reasons set forth above, this Court lacks subject matter jurisdiction

in this closed case to enforce the Settlement Agreement. The Clerk of the Court is

therefore directed to vacate the Judgment on Consent entered on November 19, 2007,

(Docket No. 103), but to maintain the status of this case as a closed case.

SO ORDERED.

Dated:      New York, New York
            December 14, 2007

FRANK MAAS
United States Magistrate Judge

Copies to:

Thomas M. Mullaney, Esq.
Law Offices of Thomas M. Mullaney
(212) 661-9860 (fax)

Donald G. Davis, Esq.
Ellenoff Grossman & Schole LLP
(212) 370-7889 (fax)

Jordan Rosenfeld
Mayer Brown LLP
(212) 849-5971 (fax)

10

Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DOVER LIMITED,                                    :
                                                  :
                                                  :        Case No.
                          Plaintiff,              :
                                                  :
           vs.                                    :        **ORDER OF ENTRY**
                                                  :        **OF JUDGMENT**
ALAIN ASSEMI,                                     :
                                                  :
                          Defendant.              :
                                                  :
-------------------------------------------------------------X

     Pursuant to the attached Confession of Judgment executed by Alain Assemi, executed October 8, 2007, and based upon the default by Alain Assemi of the Settlement Agreement, and the proceedings had in the action styled Dover Limited v. A.B. Watley, Inc., *et al.,* Case no. 04-Cv-7366 (FM), it is

     ORDERED, ADJUDGED, AND DECREED that Plaintiff Dover Limited does recover of Alain Assemi the total amount of $300,000.00, and that the Plaintiff shall have execution therefore.

ENTER:

_____
U.S.D.J.

Exhibit E

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12|13|07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DOVER LIMITED,
                                :

             Plaintiff,          :

         vs.                 :

A.B. WATLEY, INC., and A.B. WATLEY GROUP,  :
INC.,

           Defendants.     :

------------------------------------------------------X

Case No. 07 Civ. 11215 (UA)

**ORDER OF ENTRY**
**OF JUDGMENT**

     Pursuant to the attached Confession of Judgment executed by A.B. Watley, Inc. and A.B. Watley Group executed October 8, 2007, and based upon the default by A.B. Watley, Inc. and A.B. Watley Group of the Settlement Agreement between them, and the proceedings had in the action styled Dover Limited v. A.B. Watley, Inc., *et al.,* Case no. 04-Cv-7366 (FM), it is

     ORDERED, ADJUDGED, AND DECREED that Plaintiff Dover Limited does recover of A.B. Watley, Inc. and A.B. Watley Group the total amount of $2,994,597.84, and that the Plaintiff shall have execution therefore.

ENTER:

_____
U.S.D.J.
      December 13, 2007
      Part I